IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH H. ISSA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-cv-01700-M-BT |
| | § | |
| AMERICAN AIRLINES, INC./ | § | |
| TRANSPORT WORKERS UNION, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Joseph Issa's *pro se* Motion for Court to Order Defendant to Pay Plaintiff (ECF No. 50). The District Court referred the Motion to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the District Court should DENY the Motion.

Issa filed this civil-rights employment action on September 18, 2006. (ECF No. 1). On July 15, 2008, the District Court issued a Memorandum Opinion (ECF No. 47) and Judgment (ECF No. 48) granting Defendant's Motion for Summary Judgment and dismissing all of Issa's claims with prejudice. Plaintiff then failed to appeal this ruling or file any other motion with the court for more than 13 years.

On December 2, 2021, this Court received the pending Motion. Issa's Motion consists of one typed page wherein he asks the Court to order Defendant

1

to pay him $3 million. Mot. 1. As the Motion references the 2006 case, the Court construes it as a motion seeking reconsideration of the Court's prior ruling.

A motion seeking reconsideration of a prior ruling is evaluated either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The rule under which a motion is considered is determined when the motion is filed. *Id.* If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed beyond that time period, it is analyzed under Rule 60. *Id.* Issa's motion was received in this Court on December 2, 2021, more than twenty-eight days after entry of the judgment on July 15, 2008. His motion will therefore be treated as filed under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>      (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *rec. accepted*, 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

As an initial matter, Issa's Rule 60(b) motion should be denied as untimely. Pursuant to Rule 60(c)(1), a motion under Rule 60(b) must be made within a reasonable time, or good cause must be demonstrated for the delay. *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]."

*Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Id.*

The Court entered its judgment in this case on July 15, 2008. Issa filed his Rule 60(b) motion *more than 13 years later*—on December 2, 2021. This is far outside the "usual time period" for direct appeal and Plaintiff has presented no "good cause" for the delay. Accordingly, his Motion is untimely.

Even if Issa's Motion were timely filed, it should still be denied on the merits because Issa has not shown any mistake in the judgment. The Court must give Issa's *pro se* Motion a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (recognizing that *pro se* pleadings "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). But no reading, no matter how liberal, of Issa's Motion could demonstrate any mistake in the judgment. Indeed, Issa's Motion consists of only two sentences—one requesting that the Court order payment, and one requesting a hearing.

Accordingly, the Court recommends the District Court DENY Issa's Motion (ECF No. 50).

**SIGNED ON** December 7, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).